# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:01-cr-90-Orl-19KRS

**DAMARIS RAMOS**

_____

## ORDER

This case comes before the Court on the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Damaris Ramos. (Doc. No. 474, filed June 6, 2011.)

### Background

On December 17, 2001, Defendant Damaris Ramos was sentenced to a term of 188 months imprisonment. (Doc. No. 290.) On March 12, 2010, the Government filed a Motion for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance. (Doc. No. 464.) The Court then entered an Order directing the parties to file any additional submissions by April 2, 2010, at which time the Motion for Downward Departure would be taken under advisement. (Doc. No. 466, filed Mar. 15, 2010.) Neither party filed an additional submission before the April 2, 2010 deadline. On April 9, 2010, the Court granted the Government's Motion for Downward Departure. (Doc. No. 468.)

On April 23, 2010, Defendant filed a Motion for Additional One-Level Downward Departure citing her personal situation as the basis for the requested relief. (Doc. No. 471.) Defendant argued that her post-sentencing rehabilitation efforts, her desire to build a relationship with her son, and the emotional stress she suffered as a result of her assistance to the Government justified the requested

sentencing reduction. (*Id*.) On May 24, 2010, the Motion for Additional One-Level Downward Departure was denied after the Court determined that the emotional stress Defendant encountered as a result of her assistance was taken into consideration in granting the Government's previously filed Motion for Downward Departure, the remaining stated grounds for relief did not justify an additional departure, and it was not clear that this Court had jurisdiction to grant the requested relief. (Doc. No. 473 at 2.)

On June 6, 2011, Defendant filed the present Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 474.) In the Motion, Defendant seeks a downward departure in light of her post-sentencing rehabilitation efforts, arguing that the Supreme Court's recent decision in *United States v. Pepper*, 131 S. Ct. 1229 (2011), permits a district court to consider post-sentencing rehabilitation efforts in resentencing a defendant.

**Analysis**

In *United States v. Pepper*, the Supreme Court held "that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." 131 S. Ct. at 1241. In so holding, the Court determined that the ruling of the Eighth Circuit Court of Appeals which prohibited the district court from considering evidence of a defendant's "post sentencing rehabilitation at resentencing conflicts with long standing principles of federal law and contravenes Congresses' directives in [18 U.S.C.] §§ 3361 and 3553(a)." *Id*. at 1243.

In the present case, unlike the situation addressed by the Supreme Court in *United States v. Pepper*, the Defendant's sentence has not been set aside on appeal and remanded for resentencing.

While this Court did grant the Government's Motion for Downward Departure, reducing Defendant's guideline range and amending the Judgment, at no point was the Defendant's prior sentence set aside. (Doc. No.  In fact, the Order granting the Government's Motion for Downward Departure specifically states that "[i]n all other respects, the Judgment in a Criminal Case (Doc. No. 292) remains in full force and effect and is otherwise unamended." (*Id*. at 2.) Thus, *Pepper* is inapplicable to Defendant's present request for a reduction of sentence.

Even if *Pepper* permitted a district court to consider evidence of a defendant's post-sentencing rehabilitation upon motion from a defendant where that defendant's sentence had not been set aside on appeal and remanded for resentencing, this Court has already considered Defendant's post-sentencing rehabilitation as grounds for a downward departure. Defendant's previously filed Motion for Additional One-Level Downward Departure detailed Defendant's post-sentencing rehabilitation efforts and argued that her rehabilitation efforts constituted grounds for the requested downward departure. (Doc. No. 471 at 3-6.) The Court denied Defendant's Motion for Additional One-Level Downward Departure, finding "that the stated grounds for relief d[id] not justify the additional one level downward departure requested by the Defendant." (Doc. No. 473 at 2.) Thus, the Defendant's post-sentencing rehabilitation efforts were previously considered and rejected as grounds for a downward departure.[1]

Finally, even if the stated grounds did support an additional downward departure, this Court does not have jurisdiction to grant such relief. Defendant's Motion was not filed within fourteen days

---

[1] The present Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which references the post-sentencing rehabilitation efforts discussed in Defendant's previously filed Motion for Additional One-Level Downward Depart, does not set forth any new evidence regarding Defendant's rehabilitation efforts.

from the date of filing of any Order of this Court. Accordingly, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) must be denied.

## Conclusion

Based on the foregoing, the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Damaris Ramos (Doc. No. 474, filed Apr. 23, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this __14th_____ day of June, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

DAMARIS RAMOS