# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                          Case No. 6:01-cr-90-Orl-19KRS

**RICHARD RIVERA**
_____

## ORDER

This case comes before the Court on the Motion for Sentence Reduction via Rule 60(b) filed by Richard Rivera. (Doc. No. 476, filed Sept. 26, 2011.) In the Motion, Petitioner requests that the Court vacate his sentence pursuant to Federal Rule of Civil Procedure 60(b). (*Id.* at 14-15.)

### Background

On April 22, 2002, Petitioner was sentenced to a term of 262 months imprisonment. (Doc. No. 341.) Petitioner then filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence,[1] (Doc. No. 351), to which the Government responded, (Doc. No. 355). However, on July 23, 2003, an Order to Show Cause was entered directing Petitioner to show cause why the Section 2255 Motion should not be dismissed for failure to keep the Court informed of Petitioner's address. (Doc. No. 356.) Petitioner failed to respond to the Order to Show Cause, resulting in the dismissal of Petitioner's Section 2255 Motion without prejudice. (Doc. No. 357.)

On March 15, 2010, the Government filed a Motion for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance. (Doc. No. 465.) The Motion for Downward Departure

---

[1] Petitioner's Section 2255 Motion was filed in Case No. 6:03-cv-509-Orl-19KRS.

was granted on April 9, 2010, and Petitioner's term of imprisonment was reduced to 210 months. (Doc. No. 469.)

On September 26, 2011, Petitioner filed the present Motion for Sentence Reduction via Rule 60(b). (Doc. No. 476.) In the Motion, Petitioner maintains that the Court should vacate Petitioner's sentence pursuant to Federal Rule of Civil Procedure 60(b) in light of his allegations of ineffective assistance of counsel. (*Id.*)

## Analysis

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a "final judgment, order, or proceeding" for various reasons, including "newly discovered evidence," "fraud," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, Federal Rule of Civil Procedure 1 provides that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1. On the other hand, Federal Rule of Criminal Procedure 1 provides that "[t]hese rules govern the procedure in all criminal proceedings in United States district courts." Fed. R. Crim. P. 1. In light of the unequivocal language of these rules, the Eleventh Circuit has repeatedly held that Federal Rule of Civil Procedure 60(b) cannot be used to obtain relief in criminal proceedings. *See, e.g., United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011).

In *Mosavi*, the Eleventh Circuit addressed the applicability of Rule 60(b) in the context of a criminal case where the appellant sought to set aside a criminal forfeiture imposed as part of his criminal sentence. 138 F.3d at 1365. The *Mosavi* court concluded that the defendant could not challenge a criminal forfeiture order using a Rule 60(b) motion because Federal Rule of Civil

Procedure 1 "unambiguously" provides that the Federal Rules of Civil Procedure govern the procedure in suits of a civil nature. *Id.* at 1366. Specifically, the Eleventh Circuit stated that:

> [t]he judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. Rule 60(b) simply does not provide for relief from judgment in a criminal case.

*Id.*; *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that Rule 60(b)(4) could not be used to attack any alleged deficiencies in the district court's order denying defendants 18 U.S.C. § 3582(c)(2) motion because § 3582 is "criminal in nature").

In the present case, the Judgment Petitioner seeks to alter was entered not in a civil case but was entered in a criminal case. As previously discussed, Federal Rule of Civil Procedure "60(b) simply does not provide for relief from judgment in a criminal case." *Mosavi*, 138 F.3d at 1366. Accordingly, Petitioner may not challenge the Judgment against him through a Rule 60(b) motion.

**Conclusion**

Based on the foregoing, the Motion for Sentence Reduction via Rule 60(b) by Richard Rivera (Doc. No. 476, filed Sept. 26, 2011), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this ___6th____ day of October, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Richard Rivera